NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YACOUBA T., | Civil Action No. 18-13879 (JLL) |
| Petitioner, | |
| v. | OPINION |
| THOMAS R. DECKER, et al., | |
| Respondents. | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Yacouba T., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition, (ECF Nos. 20, 23), to which the petitioner. (ECF No. 21). Petitioner also sought an order to show cause in response to the Government's papers. (ECF No. 25). For the following reasons, this Court will deny the petition without prejudice and will deny the motion seeking an order to show cause.

## I. BACKGROUND

Petitioner is a native and citizen of Mali who most recently arrived in the United States at the Detroit Metropolitan Airport in February 2006. (ECF No. 20 at 10). At the airport, Petitioner was found to be an arriving alien who lacked a valid travel document or visa and was thus not entitled to admission, but was paroled into the United States so that he could pursue immigration relief. (ECF No. 20 at 10). Petitioner's application for relief was denied in 2007. (ECF No. 20 at 16).

1

In December 2017, Petitioner's parole was revoked, and Petitioner was arrested at his apartment by a government fugitive operations team. (ECF No. 20 at 15). Petitioner was thereafter placed in removal proceedings and held in immigration detention as an arriving alien. (ECF No. 20 at 10). On June 21, 2018, an immigration judge issued a removal order for Petitioner. (ECF No. 20 at 27). Although he was ordered removed, Petitioner sought and was granted withholding of removal by the immigration judge. (ECF No. 20 at 24). The Government appealed, and the Board of Immigration Appeals remanded for further proceedings on the withholding issue. (ECF No. 21 at 4). Following the remand, Petitioner was once again granted withholding of removal on January 29, 2019. (ECF No. 23-1 ¶ 4). Absent an appeal from either party back to the BIA, that decision became final as of February 28, 2019. (ECF No. 23-1 ¶ 5). Although neither party appealed the decision, the immigration judge issued an amended decision on March 12, 2019. (ECF No. 26-1 at 1). In that order, the immigration judge once again ordered Petitioner removed, but granted Petitioner withholding of removal to the extent the Government seeks to remove him to Mali. (ECF No. 26-1 at 1–7). If neither party appeals that ruling, it will become final on April 11, 2019. *See* 8 C.F.R. §§ 1003.38(b), 39(a) (setting forth that an immigration judge's decision becomes final after the time to appeal an immigration judge's decision to the Board of Immigration Appeals expires, which is 30 calendar days after the mailing of the judge's written decision).

The Government now seeks to remove Petitioner to a willing third-party nation. (ECF No. 23 at 1). Petitioner has stated that he will seek withholding of removal from any third country to which the Government seeks to remove him. (ECF No. 25-1 ¶ 7). Petitioner has therefore filed a motion seeking an order directing the Government to show cause why he should not be released on parole or granted a bond hearing. (ECF No. 25).

## II. DISCUSSION

### A. Legal Standard

A federal court has jurisdiction over a petition for habeas corpus only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his original petition and his motion seeking an order to show cause, Petitioner contends that his ongoing detention amounts to an unconstitutional application of the various immigration detention statutes. (*See generally* ECF Nos. 1, 25). In order to evaluate Petitioner's claim, the Court must initially determine the current basis for Petitioner's detention. Because Petitioner is held as an arriving alien, and as the immigration judge's amended decision is not yet final, Petitioner is currently detained pursuant to 8 U.S.C. 1225(b), and has been since December 2017. As the Supreme Court explained in *Jennings v. Rodriguez*, there is no statutory basis for release or a bond hearing prior to the conclusion of an alien's removal proceedings under § 1225(b), and the Court explicitly rejected the use of the constitutional avoidance canon to read an implicit temporal limitation on detention under the statute. --- U.S. ---, 138 S. Ct. 830, 842–46 (2018). Petitioner could thus only prevail on his challenge to his current detention if he were to show that his continued detention amounts to an unconstitutional application of the statute in light of the facts surrounding Petitioner's lengthy period of detention.

In *Damus v. Tsoukaris*, this Court determined that aliens detained pursuant to § 1225(b) are not wholly without Due Process rights, although, given the fact that such aliens have never legally "entered" the United States, those rights are less than those aliens detained pursuant to § 1226(c). No. 16-933, 2016 WL 4203816, at *2–3 (D.N.J. Aug. 8, 2016). This Court has further held that the distinction between the two classes "is one of magnitude rather than entitlement to relief," and an alien who is legally considered to have remained at the border as an applicant for admission such as Petitioner "may be held for a greater length of time before his continued detention raises Due Process concerns." *Id.* at *4.

Since *Jennings* abrogated the Third Circuit's decisions in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), courts in this District have held that aliens detained pursuant to § 1226(c) may still show that their detention amounts to an unconstitutional application of the statute by showing that the length of their detention has become so prolonged that "'the burden to an alien's liberty outweighs' the Government's interest in detention without bond," at which point that detention becomes so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause. *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); *see also Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018) ("*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long"). Since *Jennings*, this Court and others in this District have held that detention under § 1226(c) for just over a year comports with Due Process, but detention for over eighteen months absent any evidence of bad faith on the part of the alien can amount to an arbitrary and unreasonable deprivation of liberty. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (finding that detention of nineteen

4

months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (finding the same with respect to a detention of over eighteen months); *Dryden*, 321 F. Supp. 3d at 502–03 (finding that a detention of just over a year under § 1226(c) was not unconstitutional); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (finding that detention for just over 13 months was not unconstitutional).*Charles A. v. Green*, No. 18-1158, 2018 WL 3350765, at *5 (D.N.J. July 10, 2018) (same).

In previous cases evaluating the detention of § 1225(b) detainees pursuant to the now abrogated holdings in *Diop* and *Chavez-Alvarez*, courts in this District regularly found that detention under § 1225(b) for up to fifteen months was insufficient to trigger the Due Process detention limitations set forth in *Diop* and *Chavez-Alvarez*. *See, e.g., Alghazali v. Tsoukaris*, No. 16-9055, 2017 WL 3191513, at *5 (D.N.J. July 27, 2017); *Damus*, 2016 WL 4203816, at *4; *but see Mancia-Salazar v. Green*, No. 17-147, 2017 WL 2985392 at *4–5 (following *Damus* but finding that detention of 18 months under § 1225 had become unreasonable under the facts at hand). Here, Petitioner has been detained for just over fifteen months, and his order of removal will become final on April 11, 2019, at which point his detention under § 1225(b) will conclude absent an appeal of the immigration judge's amended decision.[1] Thus, this Court finds that

---

[1] Once the immigration judge's removal order becomes final, Petitioner will become subject to 8 U.S.C. § 1231(a). Once he is subject to that statute's detention provisions, his detention under that statute must be presumed valid for six months, and any challenge to his previous detention under § 1225(b) would become moot. *See Jennings*, 138 S. Ct. at 843; *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012). That Petitioner may pursue withholding-only proceedings as to any third-party country to which the Government seeks to remove him would not alter the statutory basis of his detention *See, e.g., Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F3.d 208, 216 (3d Cir. 2018) (rejecting the application of a pre-removal provision—§ 1226(a)—to a reinstated final removal order and determining that "withholding-only proceedings do not disturb the underlying order of removal; rather, they only potentially impede the order's execution with respect to a specific country"). Thus, even if this Court had found Petitioner entitled to a bond hearing, any resulting bond order would become moot and inapplicable as soon as Petitioner's removal order becomes final. *See* 8 U.S.C. § 1231(a).

Petitioner has failed to show that his continued detention amounts to an unconstitutional application of § 1225(b). Petitioner's habeas petition is denied without prejudice and his motion seeking the entry of an order to show cause is denied.

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition, (ECF No. 1), is DENIED WITHOUT PREJUDICE, and his motion seeking an order to show cause, (ECF No. 25), is DENIED. An appropriate Order follows.

Dated: April 10th, 2019

JOSE L. LINARES,
Chief Judge, United States District Court